KOLTONSKI v. ELECTRIC GOODS MFG. CO.

(Circuit Court of Appeals, First Circuit. October 19, 1910.)

No. 887.

1. ASSUMPSIT, ACTION OF (§ 23*)—GENERAL ISSUE.

 In an action of assumpsit, described as a "plea of the case," the general issue is "never promised," which opens up all defenses except limitations and set-off.

 [Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 130–152; Dec. Dig. § 23.*]

2. ASSUMPSIT, ACTION OF (§ 31*)—VERDICT—EFFECT.

 In assumpsit, described as a "plea of the case," defendant answered that it never promised in manner and form as plaintiff declared, whereupon a verdict was rendered that "defendant did not promise in manner and form as plaintiff in his writ and declaration declared against it." *Held*, that such verdict followed the plea, and amounted to no more than a general verdict for defendant, based on a general denial.

 [Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 165–167; Dec. Dig. § 31.*]

3. CONTRACTS (§ 348*)—CONDITIONS PRECEDENT—BURDEN OF PROOF.

 The contract in this case rested on a condition precedent. *Held*, therefore, that the burden rested on the plaintiff to meet the condition by proper proof, although a negative was involved, but that only a modicum of proof was required.

 [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1754–1780; Dec. Dig. § 348.*]

In Error to the Circuit Court of the United States for the District of Maine.

Action by Stanislaus A. Koltonski against the Electric Goods Manufacturing Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 171 Fed. 550.

Roger S. Warner (Warner, Warner & Stackpole, on the brief), for plaintiff in error.

Edward P. Payson (Payson & Virgin, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This case relates to a suit at common law in the Circuit Court for the District of Maine, growing out of a contract for the exploiting of patented electrical lamp sockets. It is convenient to call the plaintiff in the Circuit Court and the plaintiff in error the plaintiff, and in the same manner the adverse party the defendant. Koltonski was the owner of the patent, and on May 20, 1902, he entered into a contract with the defendant for such exploiting. The contract provided in a qualified manner for guaranteed payments

by the defendant in the event sales should be accomplished.   No sales have been accomplished, and therefore the plaintiff does not undertake to recover on that guaranty.   The contract also contained the following special provisions:

"III. The licensee agrees to use reasonable diligence in the manufacture of said sockets, in placing same on the markets, and creating and supplying a demand for same; but it is agreed by the licensor that the licensee need not make or sell same (in which event said licensee need not pay any money on same to licensor in the way of royalty or guarantee) unless and until said sockets shall meet with the approval of the National Board of Fire Underwriters, unless licensee deems it advisable to make and sell said sockets without said approval, in which event the royalties shall be paid as aforesaid.

"IV. The licensee agrees to use all reasonable diligence in its efforts to secure the approval of the National Board of Fire Underwriters, and to make said sockets to conform in all respects to the requirements of said board."

The declaration contained several counts, of which the only efficient one was the second, as follows:

"2. For that by the aforesaid agreement, in consideration of said license thereby granted by the plaintiff as aforesaid, the defendant promised to use reasonable diligence in the manufacture of said lamp sockets, in placing the same on the market and in creating and supplying a demand for the same, and further promised to use due and reasonable diligence to secure the approval of the same by the National Board of Fire Underwriters or to make said sockets conform to the requirements of said board and to stamp said lamp sockets put upon the market with the words 'Koltonski's Patent'; and said defendant further promised to make full and correct returns on the 1st day of January, April, July, and October, showing the number of lamp sockets made and sold during the preceding period and to keep true and accurate accounts relating to the manufacture and sale of said lamp sockets. Yet the defendant, although often requested by the plaintiff, has never performed its said promises and undertakings, or any of them, but has always refused and still refuses, to the great damage of the plaintiff to an amount greater than two thousand dollars ($2,000) exclusive of interest and costs."

The only evidence in the case aside from the contract was the testimony of the plaintiff.   The Circuit Court directed a verdict for the defendant, to which exception was taken and saved.

The pleadings, aside from the declaration, were as follows:

"And the said defendant comes and defends, etc., when, etc., and says that it never promised in manner and form as plaintiff in his writ declares against it, and of this puts itself upon the county.           By Its Attorneys."

"And the plaintiff likewise.                     By Plaintiff's Attorneys."

The verdict and judgment were as follows:

"The jury find that the defendant did not promise in manner and form as the plaintiff in his writ and declaration declared against it."

"And on June 17, A. D. 1910, by a special order, the Honorable Clarence Hale, District Judge, sitting, judgment is entered on the verdict, all of which being seen and by the court fully understood, it is therefore considered by the court here that the said Stanislaus A. Koltonski, plaintiff, take nothing by his said writ, and that the said Electric Goods Manufacturing Company, defendant, recover of the said plaintiff its costs of suit taxed at ————."

The plaintiff duly excepted to the form of the verdict, which exception was saved.   This exception was based upon the fact that the jury found that the defendant "did not promise" as alleged by the plaintiff, while the plaintiff says that the case shows beyond all question that a valid contract was made, as we have described; so that the plaintiff

182 F.—14

claims that the court should have directed a verdict in that form. As a matter of fact the record does show a valid contract, but the plaintiff misunderstands the effect of the pleadings and verdict according to the common-law practice, which prevails in Maine. This was an action of assumpsit, described as a "plea of the case," so that in Maine the general issue in an action of this kind is "never promised," which general issue opens up all defenses except the statute of limitations and set-off. The verdict follows the plea, and counts for no more than a general verdict for the defendant in those jurisdictions where the plea involves only general denial. Therefore the judgment which controls the verdict has the same general terms.

The second count is in a certain sense multifarious. It declares sufficiently on paragraph IV of the contract; and it also is intended to declare on paragraph III, but fails to conform, because it sets out an unconditional contract, while the contract is conditional. However, no particular attention need be paid to this matter of pleading.

The burden rests on the plaintiff to prove his case, although to make it out he is compelled to prove a negative with reference to both paragraphs III and IV. Of course, only a modicum of proof is required. New York Central & H. R. R. Co. v. United States, 165 Fed. 833, 839, 840, 91 C. C. A. 519, decided by this court December 4, 1908. The conversations which the record sets out might be sufficient under paragraph III, except that there is no proof whatever with reference to paragraph IV; that is, nothing whatever about securing the approval of the National Board of Fire Underwriters. On this topic the plaintiff as a witness first testified: "Never said anything about it." Again, to a direct question whether anything was said, he replied: "No." Again, being asked whether he knew whether this approval had been obtained, he answered in the negative. That is all there is about it, which, of course, is absolutely a blank.

It is true the plaintiff claims that, inasmuch as the defendant said that it would take up the matter of making and selling when it got around to it, this was an admission that it had obtained the approval of the National Board; but this is so general and may mean so many different things that there is no definite inference at all one way or the other to be drawn from it, so that so far as paragraph IV is concerned, there is absolutely no proof, and the case fails.

Coming, now, to paragraph III of the contract, that is not efficient in any particular involved in this case unless the sockets had met with the approval of the National Board. This approval was a condition precedent, and there is no allegation in the declaration that this condition had been complied with. Nevertheless, as the case comes to us, it may be, as we have said, that no advantage can be taken of that deficiency; but it remains good that there has been no proof in reference to paragraph IV, and therefore there is no proof that the condition precedent of paragraph III has been complied with. Consequently, the case as to paragraph III fails, not only on a question of pleading, but on the merits. Therefore the entire case fails, and the judgment of the Circuit Court was correct.

The judgment of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.